LEMUEL WEST and CATY his wife, late CATY AKE and
JABEZ TURNER, administrator of MARY TURNER, late
MARY AKE.

*vs.*

MARY EVANS, administratrix, of ELI EVANS, dec'd.

*Sussex, July T.* 1820.

A bill to recover legacies was filed by two residuary legatees under a will
against the administrator of the executor, the executor having been
also, in his life-time, guardian of the legatees. One of the legatees,
before the filing of the bill, had brought a suit at law on the guardian
bond. *Held,* that the legatees must elect, whether to proceed at law
on the guardian bond, or to prosecute the pending suit in equity.

Two or more residuary legatees under a will must be parties to a suit in
equity for the recovery of the residuary legacy. If one will not join
as a party complainant, he must be made a party defendant.

BILL IN EQUITY—ELECTION OF REMEDIES.—The com-
plainant, Caty West, and Mary Turner, deceased, were
residuary legatees under the will of their father, Riley Ake.
Eli Evans, the defendant's intestate, was executor of the
will, and also was guardian of the legatees, Caty West and
Mary Turner, deceased. Prior to the filing of this bill a
suit at law had been brought by Lemuel West and Caty his
wife on the guardian bond given by Evans on his appoint-
ment for her. No suit had been brought on the guardian
bond given for Mary Turner, deceased. The present bill was
filed by West and wife and by the administrator of Mary
Turner, deceased, to recover the residue of the personal
estate of Riley Ake, deceased, bequeathed to Caty and Mary
as the residuary legatees, and also to recover the rents and
profits of their lands which went into the hands of Eli
Evans, as their guardian. The suit of West and wife on the

guardian bond was for their proportion of the residuary legacy and for their share of the rents and profits.

*Cooper*, for the defendants, moved that the complainants be put to their election, whether to proceed at law or to prosecute their bill here, as to those matters which were recoverable in suits on the guardian bonds. He cited 1 *Harrison's Ch. Pr.* 251: 1 *Ves. Jr.* 91: 2 *Atk.* 85: and 3 *P. Wms.* 90.

RIDGELY, CHANCELLOR.—The question is whether, as West and wife and the representatives of Mary Turner, have *joined* in a bill against the administratrix of Eli Evans, and as West and wife *alone* have brought a suit at law, these joint parties shall be compelled to elect to proceed either in equity or at law, one of them only having sued at law. I am of opinion, that they both should elect to proceed on this bill, or to take their remedy at law. I think, that as both necessarily must be parties in the bill, they both must proceed in equity, or not at all. They must somehow be parties in equity, and if one withdraws the other cannot proceed alone. Two residuary legatees must both join. If one will not do so she ought to be made a defendant, so as to bind her by the proceeding. There should not be two suits by different residuary legatees. All must be parties; and if one will not prosecute a bill, he may be made a defendant.

The order of the Chancellor, together with the election of the complainants under it, was then entered, as follows:

" And now, to wit, 26th July, 1820, this case coming on,
" and it appearing that Lemuel West and Caty his wife,
" are prosecuting a suit at law, upon the guardian bond of
" Eli Evans to said Caty ; and the said Lemuel West and
" Caty his wife, being put to their election, whether they
" will proceed here in this suit, or at law, on said bond,
" touching the matters of Eli Evans' guardianship of the

" said Caty ; they, the said Lemuel and Caty do elect to
" proceed at law on said guardian bond.   And further the
" said Jabez Turner, administrator of Mary Turner, late
" Mary Ake, doth elect to proceed at law on the guardian
" bond of the said Eli Evans to the said Mary, mentioned
" in the bill and answer in this suit.   And it is ordered by
" the Chancellor, that the said complainants pay to the
" defendant her costs, or such part of her costs, of this suit,
" as have accrued in relation to the matters of the said
" guardianship, and that the bill be dismissed touching
" such matters."